## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| SA'DA JOHNSON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 00-cv-1349 |
| BOARD OF EDUCATION CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT #4, | ) |
| Defendant. | ) |

## **O R D E R**

On July 15, 2009, the parties appeared for a telephonic conference related to a discovery dispute, two pending motions, and the scheduling of a potential settlement conference. Pursuant to this Court's findings at the conference, the following is hereby ORDERED:

1. The Consent Decree is hereby TERMINATED by its own terms except with respect to the areas of contention contained in Plaintiff's Motions to extend or vacate the Consent Decree [Docs. 201 and 207] (Northside seats, Special education, and Alternative Education) for the reasons set forth in this Court's Order dated May 11, 2009 [Doc. 212].

2. Defendant's Motion for Extension of Time to Respond to Plaintiffs' Motion to Compel Payment of Fees and Costs [Doc. 256] is GRANTED IN PART. Defendant is granted until July 29, 2009 to respond to

Plaintiffs' arguments related to fees incurred prior to the termination of the Consent Decree (i.e. prior to the end of school year 2008-2009). Defendant is granted until August 17, 2009 to respond to the remaining arguments regarding fees incurred after the termination of the Consent Decree and related to Plaintiffs' motions to extend the Consent Decree.

3. Plaintiffs' Motion for Miscellaneous Relief Pertaining to the Deposition of Dr. Robert Peterkin [Doc. 257] is GRANTED IN PART. Plaintiff's direct examination of Dr. Peterkin is limited to 3 hours. The deposition may occur on July 23 or 24, 2009 by agreement of the parties. Defendant's objections regarding the service by Plaintiff of those portions of the Final Monitoring Report that will be used as expert opinions is overruled: While the statement may have been served late, at this stage of the proceedings, no prejudice has ensued. Defendant's cross-examination and direct examination of Dr. Peterkin (as Plaintiffs' expert) is limited to 3 hours total.

4. With respect to the scope of depositions to be conducted: The subject matter of the depositions of the various witnesses listed in Plaintiff's Response to Defendant's Objections to Plaintiffs' Proposed Discovery Plan [Doc. 216] shall be limited to those "areas" listed in the chart contained on page 4. This limitation was ordered by the Court in

the Amended Scheduling Order dated May 27, 2009 [Doc. 220] wherein the Court indicated that: "Plaintiff will be allowed to depose the ten persons identified in its response (Doc. 216) relating to the specific areas indicated."

5. As noted at the conference, this Court will contact Magistrate Judge Gorman's chambers (Judge Gorman was the original Judge assigned to this case) regarding the scheduling of a settlement conference. The parties indicated that either the afternoon of July 21, 2009 or July 27 or 28, 2009 would be appropriate dates for the settlement conference. The parties also indicated that they consent to the participation of the Court Monitor, Dr. Peterkin. This Court or Judge Gorman's chambers will contact the parties regarding the feasibility of the dates requested and the obligation of the parties to provide brief ex parte written settlement memoranda to Judge Gorman prior to the conference. In the event that Judge Gorman is unavailable, Magistrate Judge Cudmore will be contacted to conduct the settlement conference.

As indicated by the Court, the hearing date of August 3, 2009 is reaffirmed notwithstanding the date of the settlement conference.

Entered this 15th day of July, 2009

s/ Joe B. McDade
JOE BILLY MCDADE
United States District Judge
