UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SA'DA AND TYJUAN JOHNSON, minors, by their parent and next friend FELICIA JOHNSON, et al., ) ) ) ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 00-1349 |
| ) | |
| BOARD OF EDUCATION OF ) CHAMPAIGN COMMUNITY ) UNIT SCHOOL DISTRICT # 4, ) ) | Chief Judge Joe B. McDade  Magistrate John Gorman |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'
REVISED FEE PETITION INVOICE RECALCULATION**

**INTRODUCTION**

As this Court has stated, fee requests should be reasonable. Order, Doc. No. 33, p. 10 (Sept. 30, 2010). As in their initial fee petition, the Plaintiffs' revised fee submission maintains their claim for unreasonable billing. They maintain their request for unreasonably excessive, unnecessary, and duplicative time. Further, they maintain their billing for excessive efforts to secure fees. Plaintiffs should not be awarded fees for such time. Furthermore, Plaintiffs should be barred by the doctrine of laches for seeking fees and costs submitted to Defendant more than six months after such fees accrued. For all these reasons, Defendant requests that this Court consider these multiple deficiencies when deciding Plaintiffs' revised fee request for $1,171,725.52.[1]

---

[1] This figure represents the current total of fees sought according to Plaintiffs' Response to the Court's Request for Additional Support for Plaintiffs' Requested Rate and Fees. Doc. No. 331, p. 1 (Oct. 15, 2010). As explained in Section III.E below, the revised invoices do not accurately account for this total.

543854.1

## SPECIFIC TIME ENTRY OBJECTIONS

**I.      Plaintiffs' Fees Are Unreasonable In Light Of the Level of Plaintiffs' Success.**

Plaintiffs' fees, in total, are unreasonably exorbitant in light of the limited degree of Plaintiffs' success.[2]  As explained in Section C of the Defendant's Response to Plaintiffs' Motion for Award of Attorneys' Fees and Expenses (Doc. No. 324, pp. 5-9), Plaintiffs' extension-related work, which comprised over 1 million dollars of the unrevised fee petition,[3] did not result in Plaintiffs securing any of the relief they sought.  This Court held that Defendants' arguments regarding Plaintiffs' failure to succeed in their extension efforts "are related to the reasonableness of the fees in light of the level of Plaintiffs' success."  Order, Doc No. 330, p. 10 (Sept. 30, 2010).  Accordingly, Defendant requests that this Court reduce Plaintiffs' final fee award by seventy-five percent based on their total lack of success in their extension related efforts.

**II.     Parties Agree Regarding Amount of Unreasonable Billing For Period From November 2006 through December 2008.**

In their resubmission to this Court, Plaintiffs reduced their fee request for the period of November 2006 through December 2008 by $106,781.06.  During this same time period, the District did not approve $102,247.00 of Plaintiffs' requested fees.  *See* App. A.  Plaintiffs reduced their fee request from this time period by even more than the District had rejected.  Obviously, the District was entirely correct in rejecting these fee claims as evidenced by Plaintiffs' recalculation.  Plaintiffs are not entitled to any fee award for fees ("fees on fees") requested during this time period.

---

[2] Defendant maintains that Plaintiffs are not entitled to any fees for the reasons presented in Defendant's Response to Plaintiffs' Motion for Award of Attorneys' Fees and Expenses, Doc. No. 324.  Based on this Court's ruling on September 30, 2010 (Doc. No. 330), the Defendant re-raises and incorporates such arguments herein by this reference.

### III. Plaintiffs' Fees Are Unreasonable.

Plaintiffs' resubmission maintains substantial unreasonable billing. Because Plaintiffs have conceded that they are not entitled to any additional fees for Futterman billing for the period prior to January 2009, this response addresses Futterman's specific time entries from January 2009 through October 2009. However, because Venita Hervey did not submit invoices to the District for January through August, 2008 or for October through December 2008, Defendants make specific objections to Ms. Hervey's billing in its entirety.

#### A. Excessive Time

Any plaintiff seeking attorneys' fees under a fee shifting statute is required to exercise billing judgment and exclude hours that are excessive, redundant or otherwise unnecessary. *See Spegan*, 175 F.3d at 552 (7th Cir. 1999); *Charles v. Daley*, 846 F.2d 1057, 1076 (7th Cir. 1988). Here, Plaintiffs have exceeded this standard in several categories. Yet, Plaintiffs have argued that their total hours are similar to those expended by Defendant's counsel and therefore those hours are reasonable (Doc. 315, 7-8).[4] Their argument has no basis in fact relating to their extension efforts. For example, during the months of June and July 2009, Plaintiffs' counsel billed the District for a total cost of $601,853.70.[5] During the same two months, Defendant's counsel's bills totaled only $263,504.50.[6] Under Plaintiffs' own reasoning, their billing was grossly excessive. In addition to the other reductions sought herein, Plaintiffs' fee amount should be reduced by sixty-six percent for excessiveness.

---

[3] *See* Defendant's Sur-Reply to Plaintiffs' Motion for Award of Attorneys' Fees and Expenses, Doc No. 329, p. 5 (providing detailed breakdown of fees sought in petition).
[4] This Court has already rejected this reasoning in *R.H. v. Lewistown Cmty. Unit Sch. Dist. 97*, 2009 WL 981908, at * 4 (C.D. Ill. 2009).
[5] *See* Doc. 279, Ex. C and Ex. Q.
[6] *See* Doc. No. 324, App. G.

### 1.   *Excessive Inter-Office Communication*

For example, although this Court stated that it does not see the "reasonableness of excessive inter-office communications," Plaintiffs resubmitted bills for 585.40 hours of meetings and telephone conferences among Plaintiffs' attorneys. *See* App. B. At Plaintiffs' stated rates, this billing totals $223,171.00. At the reasonable rates proposed by Defendant, this still amounts to $144,285.36. This is totally excessive. This Court should reduce Plaintiffs' fee award for such excessive inter-office communication billing by at least sixty-six percent.

### 2.   *Redundant or Unnecessary Hours*

This Court has already advised that duplicate billing for multiple attorneys to attend meetings or conference calls has no purpose. Yet, Plaintiffs continue to seek fees for multiple attorneys to conduct redundant work.

For example, on May 16, 2009, Plaintiffs charge 8.0 hours for Alonzo Rivas to attend a community meeting also attended by Carol Ashley and Will Thomas, which amounts to $2,960.00. *See* App. C. Plaintiffs charge for 7.0 hours for Will Thomas to attend the same meeting, which amounts to $2,275.00. *Id.* Because Ms. Ashley attended the community meeting, time billed by Mr. Rivas and Mr. Thomas is entirely duplicative and should not be awarded.

Another example of duplicative billing is Plaintiffs' charge for 12.3 hours for Katherine Mangold-Spoto to travel to and attend a court hearing attended by other counsel, which amounts to $6,027.00. *Id.*

Similarly, Plaintiffs charge for 66.1 hours of duplicative work by Venita Hervey to participate in meetings attended by other counsel. *See* App. D.

Stewart Weltman began his work on this litigation on July 21, 2009 and concluded it 8 days later on July 29, 2009. During that time span he spent 51.0 hours for a charge of $33,150 (at

4

$650.00 an hour). *See* Doc. No. 324, App. H. These charges were totally unnecessary and should be rejected as Plaintiffs were already utilizing six attorneys.

### 3.     *Vague Entries*

When a fee petition is vague, a district court may strike the problematic entries or, in recognition of the impracticalities of requiring courts to do an item-by-item accounting, reduce the fee by a reasonable percentage. *Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000). For the month of July 2009 and only as an example, there were 68 hours of vague time entries by Carol Ashley totaling $29,780.00 and 52.7 hours totaling $17,127.50 of vague time entries by Will Thomas. *See* App. E. These are just examples of the vague billing entries found throughout Plaintiffs' fee petition. This Court should reduce Plaintiffs' fee award for such vague entries by at least sixty-six percent.

### 4.     *Block Billing*

Block billing occurs when an attorney simply lists a string of tasks performed on a particular day and the total time spent, without indicating how much time was spent on each of the tasks. *Bretford Manufacturing, Inc. v. Smith Systems Manufacturing Co.*, 421 F.Supp 2d 1117, 1119 (N.D. Ill. 2008). In *Ropak Corporation v. Plastican, Inc.*, 2007 WL 328880 at *2 (N.D. Ill. 2007) (App. J) the Court held that it "has no obligation to estimate the time spent on each bundled task when Plaintiffs did not see fit to do so." Here, the Plaintiffs' fee petition is replete with block billing. Indeed block billing seems to be the norm rather than the exception. For example, for the months of April through July 2009, Mr. Thomas had 136 hours of block billing totaling $44,200.00; Mr. Vargas had 130.86 hours of block billing totaling $32,060.00; Ms. Ashley had 26.0 hours of block billing totaling $11,310.00; and Ms. Mangold-Spoto had 6.6

hours of block billing totaling $3,234.00. *See* App. F. This Court should reduce Plaintiffs' fee award for such block billing by at least sixty-six percent.

### B. Inaccurate Accounting

Plaintiffs' revised invoices do not reconcile. For example, in January 2009, the individual entries do not amount to the purported total sought by Plaintiffs. The purported total is $6,353.00 more than the total of the individual entries. The professional summaries do not accurately reflect the revised billing. For instance, Noah Hurwitz's time is stricken in the invoice, but not stricken in the professional summary, and Kathleen Mangold-Spoto's time in the professional summary is actually increased rather than decreased as reflected in the individual entries. It appears that Plaintiffs totaled the inaccurate professional summaries rather than the billing entries to arrive at the purported total billing. It should not be Defendant's or this Court's obligation to ensure the accuracy of the invoices, nor should Defendant have to bear the cost of doing so.

### C. Fees for Non-Monitoring Legal Work

Plaintiffs continue to seek reimbursement for matters clearly unrelated to monitoring the Consent Decree. Although Plaintiffs struck some of their billing for their representation of an individual student in a special education dispute, they still seek $5,930.50. *See* App. G. Such fees are clearly not compensable as monitoring work done pursuant to the Consent Decree and should not be awarded. Similarly, Plaintiffs struck some, but left $3,328.50 of the billed time for work they did on the District's student assignment and high school redistricting efforts, which was not relevant to the Consent Decree. *See* App. G. The Plaintiffs should not be awarded fees for non-monitoring work; accordingly a total of $9,259.00 should not be awarded. *Id.*

## IV. Plaintiffs Are Not Entitled to Fees for Efforts to Obtain Attorney's Fees

Plaintiffs' legal work to contest disputed work vastly exceeds any reasonable amount.

6

This legal work is – or should be – similar to a fee petition. Courts in the Seventh Circuit have repeatedly reduced the amount of time spent in preparation of the fee petition so that the amount is less than 10% and often below 5% of the total hours expended in the actual litigation. *See, e.g., Delgado v. Village of Rosemont*, 2006 WL 3147695, at *4 (N.D. Ill. 2006) and cases cited therein; s*ee also, Disney.*, 2009 WL 1098762 at *7 (finding that seeking $31,351.25 for drafting a fee petition for $268,843.53 in a Rule 11 sanctions case "borders on unconscionable" and allowing only $5,000.00 for preparation of the fee petition).

Plaintiffs are seeking $84,253.50 for work they did to contest fees for the period from November 2006 through December 2008. *See* Doc. No. 315, p. 1, fn. 1. During this period, according to Plaintiffs' own recalculation, Defendants paid more than was reasonable. *See* App. A. Further, Plaintiffs are seeking $25,389.00 in fees for the time they took to comply with this Court's order requiring them to stay within the allotted page limit. *See* App. H. Finally, the fees are entirely excessive. They charge for 371.80 hours totaling $141,116.00 to secure fees, which are entirely excessive and should be reduced by at least fifty percent. *Id.* In total, Plaintiffs' attorneys' fees request should be reduced by at least $125,379.25 if this Court uses Plaintiff's stated rates or $79,528.09 using the reasonable rates proposed by Defendant.

V.   **Fees and Expenses Barred by Doctrine of Laches**

Litigants are barred under the doctrine of laches from bringing a cause of action against a public entity an unreasonable amount of time after the action accrued. *Bill v. Bd. of Educ. of Cicero Sch. Dist. 99*, 812 N.E.2d 604, 613 (1st Dist. Ill. 2004); *Pace v. Reg. Tran. Auth.*, 803 N.E.2d 13 (2d Dist. Ill. 2003); *Lee v. City of Decatur*, 627 N.E.2d 1256, 1258 (4th Dist. Ill. 1994); *Monson v. County of Grundy*, 2009 WL 3366968, at * 2-3 (3d Dist. Ill. 2009) (App. T). In civil service cases, a delay of more than six months in bringing a cause of action is *per se*

7

unreasonable and dismissal is warranted. *Bill*, 812 N.E.2d at 611; *Lee*, 627 N.E.2d at 1258. Similarly, in cases where causes of action have budget implications, it is unreasonable to bring a cause of action after the fiscal year has ended. *See Pace*, 803 N.E.2d at 30; *Monson*, 2009 WL 3366968, at *3.

In this case, Plaintiffs seek fees and expenses of which they did not notify the District within six month of accrual. Specifically, Ms. Hervey did not submit invoices to the District for January through August, 2008 or for October through December 2008, for a total of $85,730. *See* Doc. No. 324, App. G. In addition, Futterman and Howard submitted numerous expenses years after the expenses were incurred, for a total amount of $17,915.61. Pl. Ex. D, August 23, 2007 letter; Pl. Ex. N December 31, 2006 Invoice. Plaintiffs' delay has prejudiced the District because, if the fees or expenses are now awarded, the District's annual financial reporting and budgeting will be significantly undermined. Therefore, Plaintiffs are barred under the doctrine of laches from now recovering such fees and expenses, totaling $103,645.61.

### VI. Unreasonable Costs

Plaintiffs charge for costs including telephone charges, electronic research, and postage. *See* App. I. As explained in *Cantleberry v. Physician Care, Ltd.*, 2008 WL 5351589, *4 (N.D. Ill. Dec. 18, 2008) (attached as App. J), these costs are properly considered overhead and not recoverable. In addition, Plaintiffs seek costs for multiple attorneys to travel to meetings where their presence was duplicative. *See* App. I. Therefore, this Court should not award $8,307.85 in costs sought by Plaintiffs.

### VII. The Appropriate Fee

Due to the voluminous nature of Plaintiff's fee request coupled with the excessive, duplicative and vague time entries as well as the other infirmities documented herein, an entry by

entry review by this Court may be impracticable. In such cases the Seventh Circuit has held that a district court may reduce the proposed fee by a reasonable percentage. *Harper*, *supra* at 605. Judge Mihm in *Triune Star, Inc. v. The Walt Disney Co.*, 2009 WL 1098762 at *6 and 8 (C.D. Ill. 2009) (App. M) did just that and reduced the almost $600,000 in fees and other expenses requested by 60% and 55% respectively to bring such fees "within the bounds of reasonableness and satisfy the purposes of Rule 11." *Id.* at *8.

Here, Defendant proposes that this Court first omit from Plaintiffs' fee request amounts for those categories of billing to which Plaintiffs are not entitled whatsoever. Accordingly, the $1,171,725.52 should be reduced by $125,379.25 for fees on fees, $9,259.00 for non-Consent Decree work, and $103,645.61 for failure to timely submit invoices, which leaves $933,441.70. Then, considering the limited degree of success (Plaintiffs, themselves, admit that they "did not get everything they wanted from the [settlement process] . . ." (Doc. 315, 20)), Defendant suggests an initial reduction of sixty-six percent considering the monumental excesses and deficiencies remaining in the Plaintiffs' billing, leaving $317,370.17. Then, based on Plaintiffs' extremely low level of success, Defendant suggests a further reduction of seventy-five percent, leaving $78,342.54. This amount represents the remaining fees calculated at Plaintiffs' unreasonably high rates. This Court should reduce that amount to reflect an hourly rate reduction of 36.57 percent, to reach the appropriate fee amount of $50,326.97.[7]

## CONCLUSION

Due to the voluminous nature of Plaintiff's recalculated fee request coupled with the excessive, duplicative, vague and inaccurate time entries as well as the other infirmities

---

[7] Should this Court reject any of Defendant's proposed reductions, Defendant summarizes the impact of the proposed fee reductions in Appendix K at both Plaintiffs' counsels' stated hourly rates and using reasonable hourly rates.

documented herein, an entry by entry review by this Court is difficult.  Therefore, Defendant proposes herein reductions that should be taken based on the significant deficiencies.

            Respectfully Submitted,

            CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT # 4

            By:      s/Jennifer A. Smith
                    One of Its Attorneys

Sally J. Scott -- 6204350
John A. Relias – 02313081
Jennifer A. Smith – 6216484
Franczek Radelet P.C.
300 South Wacker Drive
Suite 3400
Chicago, IL 60606
(312) 986-0300

Dated: November 24, 2010

10

543854.1

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she electronically filed the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFFS' REVISED FEE PETITION INVOICE RECALCULATIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this 24th day of November, 2010:

Carol R. Ashley
Futterman, Howard, Ashley, Watkins & Weltman Chtd.
122 South Michigan Avenue
Suite 1850
Chicago, Illinois 60603

Venita Hervey
Law Office of Venita Hervey
Highland Square Building
2222 East State Street, Suite G-10
Rockford, Illinois 61104-1573

                                                s/Jennifer A. Smith
                                                 Jennifer A. Smith

Sally J. Scott – 6204350
John A. Relias – 02313081
Jennifer A. Smith – 6216484
Franczek Radelet P.C.
300 South Wacker Drive
Suite 3400
Chicago, IL 60606
(312) 986-0300
(312) 986-9192 *fax*